Filed 12/6/22 P. v. Khatoonian CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL KHATOONIAN,<br><br>    Defendant and Appellant. | C091970<br><br>(Super. Ct. No. 17FE010114) |

A jury convicted defendant Michael Khatoonian of sexual penetration, forcible lewd acts, and a lewd act, all involving a child victim. The jury also found true allegations that defendant had two prior strike convictions. The trial court sentenced

1

defendant to an aggregate determinate term of 30 years in prison and an indeterminate term of 115 years to life.

Defendant now contends (1) the trial court should not have excluded evidence of the child's prior accusation of sexual molestation, (2) the trial court violated defendant's rights by excluding evidence that the child's mother had pictures of penises on her cell phone, (3) the trial court should not have admitted a statement that the child made to a sheriff's deputy, (4) the prosecutor committed misconduct by introducing the child's statement made to the deputy and referring to it in closing argument, (5) the trial court erred by admitting evidence outside the record of conviction to establish that a prior conviction was a strike, and (6) the matter must be remanded for resentencing because the trial court failed to impose sentence on two counts and because the trial court must apply recent legislation potentially favorable to defendant.

We agree the trial court should have imposed sentence on two stayed counts, that remand is appropriate for further consideration as to whether a prior conviction was a strike, and that defendant is entitled to resentencing under recent legislation. We will vacate the sentence and remand for consideration regarding the strike allegation and for resentencing, but we will otherwise affirm the judgment.

BACKGROUND

In 2017, the child victim in this case was 10 years old. She accompanied her mother on a date with defendant, who picked them up and took them to his house where they watched a movie together. As they sat on a couch with defendant between the child and the mother, defendant reached inside the child's pants and digitally penetrated her vagina. He also touched her buttocks and chest under her clothing. The child told defendant to stop, but he continued and would not let her escape. Later, the mother went into the bathroom while the child was sitting in a chair. Defendant knelt next to the chair and again put his hand down her pants and digitally penetrated her vagina. The child told defendant to stop and tried to pull his hand out from her pants but she was not strong

2

enough. When defendant finally withdrew his hand, he smelled his finger and said, "That smells good."

Eventually, the child and the mother went into the bathroom, where the child told the mother what happened. They left defendant's house.

During trial, defendant absconded and was later arrested in Michigan. He was convicted in absentia and returned to California for sentencing. The jury convicted defendant on two counts of sexual penetration of a child under 10 years of age (Pen. Code, § 288.7, subd. (b) - counts 1 and 5),[1] two counts of a forcible lewd act on a child under 14 years of age (§ 288, subd. (b)(1) - counts 2 and 6), and one count of a lewd act on a child under 14 years of age (§ 288, subd. (a) - count 4). The jury found true allegations that defendant had two prior strike convictions. The trial court sentenced defendant, as explained in detail below in the discussion of his sentencing contentions, to an aggregate determinate term of 30 years in prison and an indeterminate term of 115 years to life.

Additional background is recounted in the discussion as relevant to the contentions on appeal.

## DISCUSSION

### I

Defendant contends the trial court abused its discretion and violated his constitutional confrontation and due process rights by excluding evidence of the child's prior accusation of sexual molestation.

### A

Before trial, the prosecution moved to exclude evidence that the child told a paraprofessional working in the child's special needs class that "her grandfather was

---

[1] Undesignated statutory references are to the Penal Code.

3

kissing her on the boobs." The statement was eventually reported to the Lodi Police Department, and an officer interviewed the child, who denied making a report about her grandfather. The motion to exclude was based on Welfare and Institutions Code section 827, which limits dissemination of juvenile case files, and Evidence Code section 352.

Defense counsel asserted there was no question that the child was referring to her maternal step-grandfather and that the accusation was false. The defense desired to introduce the child's statement to show she lied in a circumstance similar to the circumstances of this case.

After further discussions concerning the matter during trial, defense counsel sought permission to admit evidence concerning the child's accusation. Defense counsel said he wanted to recall the child as a witness and expected the child would admit to making the accusation and also admit that it was false. Defense counsel planned to have the child's grandmother testify that, after a Child Protective Services worker contacted the family about the accusation, the grandmother said to the child, "Papa hasn't touched you, has he," and the child responded, "No. I just combed his hair." Defense counsel also planned to have a Lodi police officer testify that, when the officer asked the child about the accusation, she said she did not want to talk and denied making the report about her grandfather. Instead, she said she and a cousin were playing a game. She also told the officer that a man named Michael (defendant's first name is Michael) did something to her in Galt and she had already reported it. In addition, defense counsel had statements from the mother that the child had lied about her grandfather. Defense counsel requested permission to call the child, the mother, and the child's grandmother to testify on these matters.

The trial court excluded the evidence. It agreed evidence of a prior false accusation would have probative value if it could be proved that the child actually made the accusation and that the accusation was false, because it potentially impacted the

4

child's credibility. But the trial court noted that the identities of the school paraprofessional and the Child Protective Services worker were apparently unknown. Opening this area of inquiry (whether a false accusation was made) would require a break in the trial to allow the prosecution to do an investigation and contact witnesses. Moreover, defense counsel could not predict what the child would say when questioned. The trial court also concluded the evidence of falsity was weak because the grandmother's question to the child ("Papa hasn't touched you, has he") was very leading and was an inappropriate way to question a child who made an accusation of molestation. Allowing the evidence could also lead to a need for evidence on child sexual abuse accommodation syndrome. The trial court believed the inquiry had the potential to unduly consume time and confuse the jury. The trial court ruled the evidence should be excluded under Evidence Code section 352, even if it was admissible under Welfare and Institutions Code section 827.

B

A complaining witness's prior accusation of sexual molestation may be relevant to that witness's credibility concerning the current accusation. But the relevance depends on the falsity of the prior accusation. (*People v. Tidwell* (2008) 163 Cal.App.4th 1447, 1457 (*Tidwell*).) And even if the prior accusation is relevant, the trial court in its discretion may exclude the evidence under Evidence Code section 352 "if its probative value is substantially outweighed by the probability that its admission will (a) necessitate undue consumption of time or (b) create substantial danger of undue prejudice, of confusing the issues, or of misleading the jury." (Evid. Code, § 352.)

We review a trial court's exclusion of evidence under Evidence Code section 352 for abuse of discretion -- that is, for whether the exclusion resulted in a manifest miscarriage of justice because the exclusion was arbitrary, capricious, or patently absurd. (*Tidwell, supra*, 163 Cal.App.4th at p. 1457.)

5

Defendant argues exclusion of the prior accusation was an abuse of discretion because there was substantial evidence the child made the accusation and that the accusation was false, and the evidence was highly probative. According to defendant, the mother learned from a Child Protective Services worker about the child's accusation to a school paraprofessional, and a jury could conclude the accusation was false from the child's response to the grandmother's question. But the child denied having made the accusation when asked by a Lodi police officer, and the person to whom the accusation was made was unknown. Even if it was possible to infer that an accusation was made because Child Protective Services and Lodi police inquired into the matter, the evidence of the accusation was not strong, and the prosecution would be entitled to conduct further inquiry. Moreover, defendant's main support for the falsity of the accusation was that the child responded to a problematic, leading question from her grandmother. These circumstances do not establish significant probative value or abuse of discretion. (*Tidwell, supra*, 163 Cal.App.4th at p. 1458.)

In addition, defendant claims the exclusion of the evidence concerning a possible false accusation of molestation violated his due process and confrontation rights. But proper exclusion of evidence under state rules of evidence generally does not violate a defendant's constitutional rights. (*People v. Lucas* (1995) 12 Cal.4th 415, 464.) As the trial court did not abuse its discretion in excluding the evidence under Evidence Code section 352, the exclusion did not violate defendant's due process and confrontation rights.

## II

Defendant next contends the trial court violated his confrontation and due process rights by excluding evidence that the mother had pictures of penises on her cell phone.

## A

During cross-examination of the mother, defense counsel asked her whether she and defendant exchanged pictures of private parts. The mother responded she did not

6

recall that. Defense counsel then asked: "It's not unusual for you to receive pictures of private parts?" The prosecutor objected, and the trial court sustained the objection. Defense counsel asked what the sustaining of the objection was based on, and the trial court said the evidence was irrelevant. Defense counsel then returned to asking whether the mother remembered defendant sending her a picture of his private parts. Later, defense counsel questioned the mother about the child's access to the mother's phone. The mother said the child used the mother's phone to play games and, occasionally, to look at pictures. Defense counsel asked: "[I]s it fair to say that there were over 40 separate penis pictures on your phone?" The prosecutor objected and asked for a bench conference. After an unreported bench conference, the prosecutor moved to strike the question, and the trial court granted the motion and ordered the jury to disregard the question.

B

Defendant argues the question regarding penis pictures went to whether the child had prior knowledge of adult sexual matters. According to defendant, "evidence that an alleged child victim of a sexual assault had exposure to adult sexual matters prior to the assault is relevant impeachment evidence, as it shows the child had the information necessary to fabricate sexual activity not ordinarily within the experience of children." However, the appellate record does not indicate that defendant asserted such an argument in the trial court at the time the questions were asked and the objections sustained. Although there was an unreported bench conference, defendant concedes there is no discussion in the record of what occurred during the sidebar, and defendant does not cite to any portion of the appellate record in which he argued to the trial judge, in connection with an evidentiary objection, that the evidence of the penis pictures was relevant to impeachment.

We review a trial court's evidentiary rulings based on the record before the trial court at the time of the ruling. (*People v. Robertson* (2012) 208 Cal.App.4th 965, 991.)

7

Because the record does not establish that defendant informed the trial court of the theory under which the evidence is now sought to be admitted, reliance on the theory is forfeited on appeal. (*People v. Ramos* (1997) 15 Cal.4th 1133, 1179.)

III

Defendant further contends the trial court erred in admitting the child's statements to a deputy, and the admission also violated his constitutional rights to confrontation and due process.

Count 1 of the information alleged sexual penetration while on a couch, and count 5 alleged sexual penetration while on a chair. The day after the offenses, the child told Sheriff's Deputy Michael Heller that at one point during the prior evening she had been sitting in a chair when her mother went to the bathroom. The child told the deputy that defendant knelt down by the side of the chair, put his hand into her pants, and digitally penetrated her vagina.

Before trial, defendant objected to the admission of the child's statement to Deputy Heller. The trial court said the child's statement was not admissible under Evidence Code section 1240 as a spontaneous statement, or under Evidence Code section 1360 as a statement of a child concerning abuse, because there was no audio or video recording of the statement to establish reliability.

At trial, however, the child denied sitting in a chair on the night of the offenses. Following that testimony, Deputy Heller was allowed to testify for the People about what the child had told him regarding the offense while she was sitting in the chair.

The People now argue defendant forfeited his challenge to the admissibility of the child's statement. They claim that once the child denied an offense in a chair, her statement to the deputy became a prior inconsistent statement, and defendant did not object to admission on that basis in the trial court. We exercise our discretion to address the merits.

8

Evidence Code section 1235 provides: "A statement inconsistent with a witness's trial testimony 'is not made inadmissible by the hearsay rule' (Evid. Code, § 1235) so long as the witness either had 'an opportunity to explain or to deny the statement' while testifying or has not been excused from giving further testimony (Evid. Code, § 770, subd. (a))." (*People v. Chhoun* (2021) 11 Cal.5th 1, 44.) Here, the child's prior statement to Deputy Heller was inconsistent with her trial testimony, and the child was subject to recall. The defense could have questioned her further, had it elected to. Her statement to Deputy Heller about the offense that occurred while she was seated on the chair was therefore admissible.

Furthermore, because the child testified at trial and was subject to recall and cross-examination, the admission of her prior inconsistent statement did not violate the confrontation clause. (See *California v. Green* (1970) 399 U.S. 149, 162 [26 L.Ed.2d 489]; *People v. Zapien* (1993) 4 Cal.4th 929, 955.)

IV

Defendant contends the prosecutor committed misconduct by (1) introducing into evidence the child's statement to Deputy Heller, and (2) referring to the deputy's testimony in closing argument. Defendant argues the trial court had previously found the child's statement inadmissible, but the prosecutor intentionally violated the trial court's order.

As we have already explained, the basis for admissibility changed when the child testified that she did not sit in a chair on the night of the offenses. Her statement to the deputy became an admissible prior inconsistent statement. In any event, defendant did not object to the prosecutor's introduction of the evidence, or to the closing argument, on grounds of prosecutorial misconduct. A claim of prosecutorial misconduct is forfeited unless the defendant objected to the alleged misconduct and sought a curative jury instruction. (*People v. Crew* (2003) 31 Cal.4th 822, 839.) Defendant's prosecutorial misconduct claim is forfeited.

V

In addition, defendant claims the trial court erred by admitting evidence outside the record of conviction to establish that a prior conviction was a strike.

After the jury returned verdicts on the substantive counts, it heard evidence regarding prior conviction allegations in the information. The jury was tasked with determining whether defendant had prior convictions in 2006 for arson of an inhabited structure (§ 451, subd. (b)) and in 2000 for battery causing serious bodily injury (§ 243, subd. (d)). The former is a strike conviction under all circumstances (§§ 667.5, subd. (c)(10); 1192.7, subd. (c)(14)), but the latter is a strike conviction only if the defendant personally caused great bodily injury not on an accomplice (§§ 667.5, subd. (c)(8); 1192.7, (c)(8)). Among other things, the jury had to decide whether, with regard to the prior battery conviction, defendant had personally caused great bodily injury not on an accomplice.

To establish that the battery conviction was a strike, the People introduced a certified abstract of judgment. In addition, the victim of that battery testified that she had lost consciousness. The People also admitted a letter from defendant to the victim of the battery stating that the crime was a strike because the victim lost consciousness.

Defendant now claims the battery victim's testimony, and the letter, should not have been admitted because they were not part of the record of conviction. (*People v. Guerrero* (1988) 44 Cal.3d 343, 355 [in determining the circumstances of a prior crime, the trier of fact may look to the entire record of conviction "but no further"].) The People agree that the trial court improperly admitted the evidence and that remand is necessary to permit the trial court to review the record of the prior plea proceedings. Although no specific objection was lodged in the trial court on the ground now asserted on appeal, the People do not argue forfeiture. We accept the People's concession and we will remand to permit further consideration of the 2000 battery prior conviction allegation.

10

## VI

Defendant argues the trial court erred in staying two counts at sentencing without imposing a sentence on those counts. He also claims he is entitled to remand for resentencing under recent legislation.

The trial court sentenced defendant under the three strikes law. On counts 1 and 5, both convictions for sexual penetration of a child 10 years old or younger (§ 288.7, subd. (b)), the trial court imposed indeterminate terms of 45 years to life to be served consecutively. Having determined that the convictions on counts 2 and 6 for forcible lewd acts on a child under 14 years old (§ 288, subd. (b)(1)) were for the same conduct punished under counts 1 and 5, the trial court said those counts would be stayed under section 654. But the trial court did not impose sentences on counts 2 and 6 before staying them. On the count 4 conviction for a lewd act on a child under 14 years old (§ 288, subd. (a)), the trial court sentenced defendant to a consecutive indeterminate term of 25 years to life. Thus, the total indeterminate term was 115 years to life.

The trial court imposed two determinate five-year terms on each of the count 1, 4, and 5 convictions under section 667, subdivision (a), because defendant had been previously convicted of two serious felonies. Thus, the total determinate term was 30 years.

The trial court should have imposed sentences on counts 2 and 6 before staying them under section 654. The People agree. On remand, the trial court must impose a sentence on those two counts. (*People v. Duff* (2010) 50 Cal.4th 787, 796.)

In addition, defendant argues he is entitled to resentencing under Assembly Bill No. 518 (2021-2022 Reg. Sess.), which amended section 654; Senate Bill No. 567 (2021-2022 Reg. Sess.), which amended section 1170; and Senate Bill No. 81 (2021-2022 Reg. Sess.), which amended section 1385. We will vacate the sentence and allow the trial court to resentence defendant under recently amended sentencing laws.

11

"When new legislation reduces the punishment for an offense, we presume that the legislation applies to all cases not yet final as of the legislation's effective date." (*People v. Esquivel* (2021) 11 Cal.5th 671, 673.) " '[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed.' " (*People v. Vieira* (2005) 35 Cal.4th 264, 306.) The People agree defendant is entitled to the benefit of recent legislation, if applicable, on resentencing.

Assembly Bill No. 518 amended section 654, subdivision (a). Section 654 provides that, if an act is punishable under different statutory provisions, the trial court may punish only under one provision, but the trial court need not choose the provision providing for the longest term; it may exercise its discretion to impose a term under any of the various statutory possibilities, regardless of the relative length of the term. (*People v. Mani* (2022) 74 Cal.App.5th 343, 379.)

When the trial court, on remand, sentences defendant on counts 2 and 6, it will need to choose from a triad of terms. (§ 288, (b)(1) [5, 8, or 10 years].) In making that choice, the provisions of Senate Bill No. 567, amending section 1170, will apply. (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1109.)

In addition, Senate Bill No. 81 amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. [Citation.]" (*People v. Sek* (2022) 74 Cal.App.5th 657, 674.)

Defendant argues we should direct the trial court to obtain a supplemental probation report and give the parties the opportunity to introduce evidence relevant to resentencing. However, we deem it sufficient to vacate the sentence and remand for the trial court to hold appropriate proceedings. Defendant may make his arguments concerning those proceedings in the trial court.

## DISPOSITION

The sentence is vacated and the matter remanded to permit further consideration of the 2000 battery prior conviction allegation and for resentencing consistent with this decision and applicable law. In all other respects, the judgment is affirmed.


                                           /S/
                                   MAURO, Acting P. J.


We concur:


      /S/
DUARTE, J.


      /S/
HOCH, J.